UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S. vs. Trever Michael Murphy**                    **Docket No. 2:18-CR-6-1FL**

### Petition for Action on Supervised Release

COMES NOW Lakesha H. Wright, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Trever Michael Murphy, who, upon an earlier plea of guilty to Possessing and Transferring a Machine Gun, in violation of 18 U.S.C. § 922(o), was sentenced by the Honorable James M. Moody, Jr., U.S. District Judge in the Eastern District of Arkansas (EDAR), on September 30, 2015, to the custody of the Bureau of Prisons for a term of 24 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Trever Michael Murphy was released from custody on January 6, 2017, at which time the term of supervised release commenced in the EDAR.

On June 21, 2017, the defendant appeared before the Honorable James M. Moody, Jr., for a Revocation Hearing. Murphy's supervised release was revoked, and he was sentenced to 9 months imprisonment followed by 2 years supervised release. The defendant was released from imprisonment on March 9, 2018, at which time the term of supervised release commenced in the Eastern District of North Carolina (EDNC).

On April 18, 2018, jurisdiction of Murphy's case was transferred to the EDNC.

On August 10, 2018, a Violation Report was submitted to the court advising that the defendant violated his supervised release by incurring new credit charges without approval of his probation officer and failing to abide by his court-ordered restitution obligation. Specifically, Murphy purchased a vehicle without permission from the probation officer and had an arrearage of $368 with regard to his restitution obligation. The defendant was ultimately continued under supervision without modification inasmuch as he was verbally reprimanded for his noncompliance and paid his monetary arrearage in full.

On November 6, 2018, a Violation Report was submitted to the court advising that a urine specimen collected from Murphy on October 25, 2018, was determined by the national laboratory to be positive for amphetamine and methamphetamine use. When confronted with the results, the defendant admitted to using methamphetamine on October 23, 2018. He also provided a written statement acknowledging his illegal drug use. Murphy was ultimately continued under supervision without modification inasmuch as he was enrolled in the Surprise Urinalysis Program (SUP) and was participating in Moral Reconation Therapy (MRT) with the undersigned probation and individual outpatient substance abuse and mental health treatment at PORT Health in Elizabeth City, North Carolina.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

As a standard condition of supervised release, Murphy was ordered to live at a place approved by the probation officer and to notify the probation officer of any changes in his living arrangements. Additionally, as standard conditions of supervised release, the defendant was ordered to answer truthfully all inquiries by the probation officer and not leave the federal judicial district where he was authorized to reside without first getting permission from the court or probation officer. On September 26, 2018, with the undersigned probation officer's permission, Murphy began leasing a bedroom at a residence in Elizabeth City. On September 27, 2018, the undersigned probation officer conducted an inspection of the residence, thereby

confirming the defendant's relocation. On December 28, 2018, the undersigned probation officer conducted an unannounced visit at the residence and was informed by the landlord that although Murphy's belongings were inside her home, she had not seen him at the residence since October 2018. She also stated that he had not paid her rent since he moved in and that on one occasion, he provided her a check which was returned by the bank due to insufficient funds. On January 2, 2019, when confronted with the above-noted information, the defendant acknowledged that shortly after moving to the residence approved by the undersigned probation officer, he began staying with a friend in Moyock, North Carolina. Murphy also admitted that after his short stay in Moyock, he moved to Norfolk, Virginia, where he stayed with a female friend for one month. Furthermore, the defendant admitted that on December 28, 2018, he began renting a residence in Elizabeth City with the female friend without prior approval of the undersigned probation officer. It is noted that during office visits conducted with the undersigned probation officer in October, November, and December, the defendant reported that he was still residing at the approved residence.

As special conditions of supervised release, the defendant was ordered not to incur new credit charges or open additional lines of credit without approval of the probation officer unless all criminal penalties were satisfied. Additionally, Murphy's restitution in the amount of $16,126.99, was reimposed as previously ordered in the original judgment. Per the original order, the defendant was ordered to begin paying his restitution during the first month of his supervised release, at the rate of 10 percent per month of his monthly gross income. On May 28, 2018, upon securing employment, Murphy entered into an agreement to make monthly payments of $234, beginning on June 28, 2018. On August 6, 2018, based on an increase in his earnings, the defendant's payment agreement was modified to monthly payments of $376.92, beginning on September 2, 2018. Records indicate that Murphy's last payment was made on September 28, 2018. As of the date of this report, the defendant's arrearage is $1,507.60 and his outstanding restitution balance is $15,270.99. On January 2, 2019, when confronted with the delinquent payments, the defendant stated that his work hours had declined, thereby affecting his earnings. In an effort to confirm the defendant's assertion, the undersigned probation officer instructed Murphy to submit his employment wage statements for the months of October, November, and December 2019. A review of the statements on January 9, 2019, revealed that Murphy's earnings enabled him to make the monthly restitution payments. When confronted with this conclusion, the defendant stated that he used his earnings to purchase clothing and cigarettes. To further investigate the defendant's financial situation, the undersigned probation officer conducted a records inquiry which revealed that on November 24, 2018, Murphy obtained a $750 loan from Fast Auto Loans without approval of the undersigned probation officer. When confronted, the defendant stated that he acquired the loan for his friend.

Lastly, on November 6, 2018, the defendant was enrolled in SUP after a urine specimen collected on October 25, 2018, tested positive for amphetamine and methamphetamine use. On December 12, 2018, Murphy failed to submit a urine specimen pursuant to SUP. When confronted on January 2, 2019, the defendant stated that he did not recall being required to submit a urine specimen on December 12, 2018.

In response to the above-noted violations, it is respectfully requested that Murphy be ordered to abide by a curfew with electronic monitoring for a period of 60 consecutive days and submit to warrantless searches. The defendant signed a Waiver of Hearing agreeing to the proposed modifications of supervision. Note: The defendant is currently employed through a temporary agency. To address the delinquent financial issue, he agreed to a wage garnishment order if he obtains a permanent position with his employer. Murphy remains enrolled in the SUP; however, as an added drug detection measure, his drug use is also being monitored by a sweat patch. Moreover, Murphy remains enrolled in MRT with the undersigned probation officer and substance abuse and mental health treatment at PORT Health.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant shall adhere to a curfew as directed by the probation officer for a period not to exceed 60 consecutive days. The defendant is restricted to their residence during the curfew hours. The defendant shall submit to the following Location Monitoring: Radio Frequency monitoring and abide by all program requirements, instructions and procedures provided by the supervising officer.

2. The defendant shall consent to a warrantless search by a United States probation officer or, at the request of the probation officer, any other law enforcement officer, of his/her, person and premises, including any vehicle, to determine compliance with the conditions, of this judgment.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

/s/ Lakesha H. Wright
Lakesha H. Wright
U.S. Probation Officer
306 East Main Street, Room 306
Elizabeth City, NC 27909-7909
Phone: 252-335-5508
Executed On: January 11, 2019

## ORDER OF THE COURT

Considered and ordered this _____14th_____ day of _____January_____, 2019, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge