UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

U.S. vs. Trever Michael Murphy         Docket No. 2:18-CR-6-1FL

**Petition for Action on Supervised Release**

COMES NOW Lakesha H. Wright, U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Trever Michael Murphy, who, upon an earlier plea of guilty to Possessing and Transferring a Machine Gun, in violation of 18 U.S.C. § 922(o), was sentenced by the Honorable James M. Moody, Jr., U.S. District Judge in the Eastern District of Arkansas (EDAR), on September 30, 2015, to the custody of the Bureau of Prisons for a term of 24 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 3 years.

Trever Michael Murphy was released from custody on January 6, 2017, at which time the term of supervised release commenced in the EDAR.

On June 21, 2017, the defendant appeared before the Honorable James M. Moody, Jr., for a Revocation Hearing. Murphy's supervised release was revoked, and he was sentenced to 9 months imprisonment followed by 2 years supervised release. The defendant was released from imprisonment on March 9, 2018, at which time the term of supervised release commenced in the Eastern District of North Carolina (EDNC).

On April 18, 2018, jurisdiction of Murphy's case was transferred to the EDNC.

On August 10, 2018, a Violation Report was submitted to the court advising that the defendant violated his supervised release by incurring new credit charges without approval of his probation officer and failing to abide by his court-ordered restitution obligation. Specifically, Murphy purchased a vehicle without permission from the probation officer and had an arrearage of $368 with regard to his restitution obligation. The defendant was ultimately continued under supervision without modification inasmuch as he was verbally reprimanded for his noncompliance and paid his monetary arrearage in full.

On November 6, 2018, a Violation Report was submitted to the court advising that a urine specimen collected from Murphy on October 25, 2018, was determined by the national laboratory to be positive for amphetamine and methamphetamine use. When confronted with the results, the defendant admitted to using methamphetamine on October 23, 2018. He also provided a written statement acknowledging his illegal drug use. Murphy was ultimately continued under supervision without modification inasmuch as he was enrolled in the Surprise Urinalysis Program (SUP) on November 6, 2018, and was participating in Moral Reconation Therapy (MRT) with the undersigned probation officer and individual outpatient substance abuse and mental health treatment at PORT Health in Elizabeth City, North Carolina.

On January 11, 2019, a Petition for Action was submitted to the court advising that the defendant violated his supervised release by moving from his approved residence without prior approval, failing to inform his probation officer of changes in his living arrangements, leaving the federal judicial district without prior approval, failing to answer truthfully all inquiries by the probation officer, incurring new credit charges without prior approval, failing to abide by the court-ordered financial obligation, and failing to submit a urine specimen pursuant to SUP on December 12, 2018. In response to the violations, it was recommended that Murphy be ordered to abide by a curfew with electronic monitoring for a period of 60 consecutive days and submit to warrantless searches. Additionally, to address the violations, the undersigned probation officer informed the court that the defendant's drug use was being monitored via a sweat patch in addition to SUP and that Murphy agreed to a wage garnishment order if he obtained a

permanent position with his employer. It was further noted that the defendant was still enrolled in MRT with the undersigned probation officer and substance abuse and mental health treatment at PORT. The court concurred with the recommendation on January 14, 2019. Note: Murphy's curfew began on January 25, 2019, and is scheduled to expire on March 26, 2019.

On February 13, 2019, a Violation Report was submitted to the court advising that a sweat patch applied onto Murphy's person from January 11, 2019, to January 18, 2019, was determined by the laboratory to be positive for the use of methamphetamine, amphetamine, and opiates. When confronted with the results, the defendant admitted to using hydrocodone and Adderall on two occasions while wearing the sweat patch. He also admitted to using Adderall three days prior to February 6, 2019, while on electronic monitoring, thus violating the program conditions. Murphy provided a written statement acknowledging his drug use. In response to the violations, it was recommended that the defendant be continued under supervision without modification inasmuch as his authorized leave time was significantly reduced and his PORT Health substance abuse/mental health counselor agreed to amend Murphy's treatment plan to include comprehensive outpatient treatment (daily four-hour group sessions). It was also noted that the undersigned probation officer would continue conducting individual MRT sessions with the defendant and monitoring his drug use via SUP and the sweat patch. Moreover, the court was informed that Murphy would be referred for inpatient substance abuse treatment if additional drug use was detected. The court ultimately concurred with the probation officer's recommendation and continued the defendant under supervision without modification. Note: Murphy's enrollment in the comprehensive outpatient treatment program at PORT Health was delayed due to his acquirement of new employment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

As noted above, on November 6, 2018, the defendant was enrolled in the Surprise Urinalysis Program (SUP) in response to his drug use. As a condition of SUP, Murphy was required to submit a urine specimen at a designated collection facility as directed by the SUP automated system. Murphy failed to submit urine specimens pursuant to SUP on February 7, 2019, and February 13, 2019. On February 26, 2019, when confronted with the violations, Murphy stated that he did not recall being required to submit urine specimens on the specified dates.

Additionally, on February 14, 2019, the undersigned probation officer applied a sweat patch onto Murphy's person as an added drug detection measure. The sweat patch was subsequently removed by the undersigned probation officer on February 21, 2019, and sent to the laboratory for testing. On March 2, 2019, the sweat patch was determined by the laboratory to be positive for the use of methamphetamine and opiates. On March 8, 2019, when confronted with the laboratory results, Murphy admitted to using methamphetamine on two occasions and oxycontin on one occasion while wearing the sweat patch. It is noted that the defendant was also on electronic monitoring at the time and, thus, prohibited from using controlled substances unless the controlled substance was prescribed by a license practitioner. Murphy provided a written statement acknowledging his drug use.

In response to the defendant's drug use and failure to comply with SUP, he was referred by the undersigned probation officer to the Addiction Recovery Care Association (ARCA) in Winston-Salem, North Carolina, for residential drug treatment. Murphy is scheduled to begin residential drug treatment at ARCA on March 15, 2019. As such, it is respectfully recommended that the defendant be allowed to participate in residential drug treatment in response to the violations. It is also recommended that Murphy's electronic monitoring

Trever Michael Murphy
Docket No. 2:18-CR-6-1FL
Petition For Action
Page 3

condition, which is scheduled to expire on March 26, 2019, be terminated on March 15, 2019, due to Murphy's scheduled admittance into residential drug treatment.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. The defendant's electronic monitoring condition, which is scheduled to expire on March 26, 2019, shall be terminated on March 15, 2019, due to Murphy's scheduled admittance into residential drug treatment.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Dwayne K. Benfield
Dwayne K. Benfield
Supervising U.S. Probation Officer

/s/ Lakesha H. Wright
Lakesha H. Wright
U.S. Probation Officer
306 East Main Street, Room 306
Elizabeth City, NC 27909-7909
Phone: 252-335-5508
Executed On: March 13, 2019

## ORDER OF THE COURT

Considered and ordered this __14th__ day of __March__, 2019, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge